# Wytheville.

## JOHN J. DAVIES v. LUCY M. SILVEY, ADM'X OF C. W. SILVEY, DECEASED.

### June 16, 1927.

1. WITNESSES—*Transactions with Deceased Persons—Corroboration—Section 6209 of the Code of 1919.*—The question of the sufficiency of corroboration in cases under section 6209, Code of 1919, cannot be answered in general terms. Every case must depend on its own facts and circumstances.

2. WITNESSES—*Corroboration—Transactions with Deceased Persons—Section 6209 of the Code of 1919—Cancelled Checks as Corroboration—Case at Bar.*—The sole question for determination, in the instant case, was whether the testimony of plaintiff as to an alleged debt of $800 due him from defendant's decedent was sufficiently corroborated under section 6209 of the Code of 1919, to support a judgment upon a verdict found in his favor. Plaintiff testified that he had frequently made loans to the decedent; that during the year 1920, he had loaned decedent $1,000 on November 1st; $800 on May 24th (the loan in question) and $500 on October 1st. Cancelled checks for these amounts were made by plaintiff payable to the decedent and the records of the bank showed a corresponding charge on each date of the amount of the check of such date, against the account of plaintiff, and credit to the account of decedent. Cancelled checks from decedent to plaintiff were shown for the $1,000 loan and for the $500 loan, with corresponding bank charges and credit. No cancelled check from the decedent to plaintiff was produced to show payment of the $800 item, and no charge or credit appeared in the bank account of the parties to indicate a return of this item. There were other minor corroborating circumstances.

   *Held:* That the testimony of plaintiff was sufficiently corroborated by other evidence to sustain the verdict of the jury.

3. APPEAL AND ERROR—*Conflicting Evidence.*—Where the evidence is conflicting and the instructions of the court correctly propounded the law, all doubts upon the question at issue are resolved in favor of the party obtaining the verdict.

4. WITNESSES—*Transactions with Deceased Persons—Corroboration—Instructions—Verdict in Favor of Plaintiff—Case at Bar.*—In the instant

case the sole question was whether the testimony of plaintiff as to the alleged debt of a decedent was sufficiently corroborated. The instructions, in substance, told the jury that the burden was on plaintiff to prove his whole case by a preponderance of the evidence, that his testimony that a certain cancelled check was given for a loan to decedent and that the loan was not paid must be corroborated upon both points. In addition the jury was told that so far as the allegation that the check was given for a loan was concerned, plaintiff must rebut or overcome the presumption that it was given in payment of a preexisting debt. The jury found for plaintiff.

*Held:* That it necessarily followed that the jury concluded that plaintiff had met the burden of proof, overcome the presumption stated, and that he was corroborated on the two material points indicated, and that, in view of the evidence, the instructions and the findings of the jury, the controversy was concluded and it was error to set aside the verdict.

5. WITNESSES—*Transactions with Deceased Persons—Corroboration—Section 6209 of the Code of 1919.*—Clearly, it is not necessary that the corroborative evidence should of itself be sufficient to support a verdict, for then there would be no need for the testimony sought to be corroborated. Nor is it necessary that the witness to be corroborated should be corroborated on all material points.

6. EVIDENCE—*Definition of Corroborative Evidence.*—Corroborative evidence is such evidence as tends in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegation or issue, if unsupported, would be fatal to the case; and such corroborating evidence must, of itself, without the aid of any other evidence, exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports, and such evidence will not be material unless the evidence sought to be corroborated itself supports the allegation or the point in issue.

Error to a judgment of the Circuit Court of Culpeper county in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Grimsley & Miller*, for the plaintiff in error.

*E. E. Johnson*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

At the first October Rules, 1923, John J. Davies filed his declaration in assumpsit against Lucy M. Silvey, Adm'x of her deceased husband, C. W. Silvey, alleging that Silvey before his death became indebted to him (Davies) in the sum of $1,000.00 loaned to Silvey. The cause came to trial and upon a plea of non assumpsit, the jury found a verdict for Davies for $800.00 with interest. This verdict the trial court set aside upon the ground that, Silvey being dead, under Section 6209 of the Code 1919 (which is copied in the margin*), Davies' testimony being uncorroborated, no judgment in his favor could legally be founded thereon.

This action of the court is the sole assignment of error, and the only question for determination here is, was the testimony of Davies, as to the alleged debt, sufficiently corroborated to support a judgment upon the verdict found in his favor.

[1] The question of the sufficiency of corroboration in cases of this kind cannot be answered in general terms. Every case must depend on its own facts and circumstances.

There is no question about the fact that in the instant case there was considerable evidence corroborative of Davies' testimony. The only question is its sufficiency.

Davies and Silvey were officers of the Culpeper National Bank, Culpeper, Virginia. Davies testified

---

* "In an action or suit by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony; and in any such action or suit, if such adverse party testified, all entries, memoranda, and declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence."

that he had frequently made loans to Silvey; that during the year 1920, he had loaned Silvey $1,000.00 on November 1, 1920, $800.00 on May 24, 1920, and $500.00 on October 1, 1920. That the loans of $1,000.00 and $500.00 had been paid, but that the loan of $800.00 had not, hence this action. Cancelled checks for these amounts, $1,000.00, $800.00 and $500.00, respectively, were introduced in evidence, made by Davies, payable to Silvey dated as stated above, and the bank records showed a corresponding charge on each date of the amount of the check of such date, against the account of Davies, and credit to the account of Silvey.

Cancelled checks from Silvey to Davies dated September 29, 1920, for $1,000.00 and November 30, 1920, for $500.00 were shown in evidence, and on the face of the latter check, in Silvey's handwriting, was endorsed "for loan ch. November 1st." Silvey's account at the bank on these dates shows a charge of $1,000.00 on the former date and of $500.00 on the latter, while Davies' account is credited by the amounts on the dates indicated.

No cancelled check of Silvey to Davies was produced to show payment of the $800.00 item represented by the check of May 24, 1920, and no charge or credit appears on the accounts of Silvey and Davies to indicate a return of the $800.00 item.

The record disclosed that Davies received a salary from the bank of $5,000.00 a year, while Silvey received a salary of only $2,400.00.

Silvey speculated in stocks on margin, and was a frequent borrower of money. The $800.00 which was placed to his credit on May 24th was to cover an overdraft.

In addition to all this the check for $1,000.00, dated March 1, 1920, from Davies to Silvey, and which

Davies alleges represented a loan for that amount, was found by Silvey's successor on a file with other papers hanging over Silvey's desk, and this check bore an endorsement by Davies, "paid by C. W. Silvey 9-29-20."

[2] There are other minor corroborating circumstances but sufficient, we think, has been pointed out to warrant the finding by the jury that the $800.00 check was given for a loan made by Davies to Silvey, which had not been paid, as testified to by Davies, and that the testimony of Davies was sufficiently corroborated by other evidence.

[3] There was a great amount of evidence submitted on behalf of the defendant, Silvey's Adm'x, which was calculated to throw doubt upon the questions at issue, but under the instructions given the jury by the court, which we think were full and fair and correctly propounded the law, all such doubts have been resolved in favor of Davies' contention.

There was much repetition in the instructions but those copied in the margin† indicate the clearness with which all the questions involved were submitted to the jury.

[4] These instructions, in substance, told the jury that the burden was on Davies to prove his whole case by a preponderance of the evidence, that his testimony that the check was given for a loan and that the loan

† (5) "The court instructs the jury that the burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence, and unless he has so proved it they must find for the defendant."

(6) "The court instructs the jury that C. W. Silvey, being dead and incapable of testifying, they cannot find a verdict in favor of the plaintiff on the evidence of the said plaintiff unless his testimony is corroborated upon the material elements thereof, and unless they believe that his testimony is so corroborated, they must find for the defendant."

(7) "The court instructs the jury that the presumption arising from the check of J. J. Davies, dated May 24, 1920, for the sum of $800.00, payable to C. W. Silvey, is that it was given in payment of a debt then existing and that the burden is on the plaintiff to rebut said presumption, and he cannot so rebut said presumption by his uncorroborated testimony, and unless they believe that by his testimony and by corroboration thereof he has rebutted said presumption, they must find for the defendant."

was not repaid must be corroborated upon both points.
In addition the jury was told that so far as the allegation that the check was given for a loan was concerned, he must rebut or overcome the presumption that it was given in payment of a preexisting debt.

It necessarily follows that the jury concluded that Davies had met the burden of proof, overcome the presumption stated, and that he was corroborated on the two material points indicated. We think, in view of the evidence, the instructions and these findings of the jury, the controversy is concluded, and that it was error to set aside the verdict.

We cannot say that the testimony of Davies, that the check was given for a loan, was not corroborated by the situation of the parties and the course of dealing which the other checks and the bank records show existed between them, and we cannot say that the testimony of the plaintiff, that the loan had not been paid, is not corroborated by the bank records.

[5] In *Burton's Ex'r v. Manson*, 142 Va. 500, at page 507, 129 S. E. 356, 358, Judge Burks, in speaking of the extent of corroboration required, said: "The facts and circumstances attending one case are so entirely different from those of another, that it would be unwise to attempt a general answer that would be of universal application. We can only safely deal with each case as it arises." At page 508 (129 S. E. 359) this is said: "The difficult question to answer is, when is there sufficient evidence of the right quality to amount to corroboration? Clearly, it is not necessary that the corroborative evidence should of itself be sufficient to support a verdict, for then there would be no need for the testimony sought to be corroborated.

"Nothing that was said in *Merchants' Supply Co. v. Hughes*, 139 Va. 212, 123 S. E. 355, was intended to

decide that the witness to be corroborated must be corroborated on all material points. The case was decided on its own peculiar facts, and it was not intended to state any rule of universal application. Nor do we now intend to lay down any such rule, but will leave each case to be decided on its own peculiar facts and circumstances. The following Virginia cases were also cited in the briefs: *Robertson* v. *Atlantic Coast Realty Co.*, 129 Va. 494, 106 S. E. 521; *Arwood* v. *Hill*, 135 Va. 235, 117 S. E. 603; *Atlantic Coast Realty Co.* v. *Robertson*, 135 Va. 259, 116 S. E. 480; *Good* v. *Dyer*, 137 Va. 114, 119 S. E. 277. These cases contain valuable discussion of section 6209 of the Code, under which the instant case arises, but do not deal with the amount of corroboration required by that section, which is the only feature of the section here involved."

[6] Again in the same opinion this quotation from *Gildersleeve* v. *Atkinson*, 6 N. M. 250, 27 Pac. 477, is made with approval: "Corroborative evidence is such evidence as tends in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegation or issue, if unsupported, would be fatal to the case; and such corroborating evidence must, of itself, without the aid of any other evidence, exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports, and such evidence will not be material unless the evidence sought to be corroborated itself supports the allegation or the point in issue." All that is so pertinently said in that case applies here.

As a matter of law the evidence corroborating Davies on the essential elements of his claim cannot be said to fall short of these requirements, especially

in the light of the jury's findings upon all the evidence introduced in the case.

We are of opinion, therefore, to reverse the judgment of the trial court and enter judgment in favor of the plaintiff in the sum of $800.00, the amount the jury ascertained by their verdict, with interest and costs.

*Reversed.*