# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

DAVID T. RORER, ADMINISTRATOR, ETC. v.
MRS. A. G. TAYLOR.

December 6, 1943.

Record No. 2711.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Robert A. Russell* and *W. G. Vansant*, for the appellant.

*Frank W. Stowers* and *Sam C. Stowers*, for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Campbell county, confirming the allowance by the commissioner of accounts of a claim of appellee against the estate of W. E. Davis, deceased.

On the 28th day of May, 1942, appellee filed her claim against said estate of W. E. Davis, before Honorable H. C. Featherston, commissioner of accounts, claiming that the estate was indebted to her in the principal sum of $9,000.

After an examination of more than forty witnesses, the commissioner filed his report, allowing appellee the sum of $3,000, as compensation for the services rendered W. E. Davis during a long period of time. The report of the com-

missioner was confirmed by the court over the exception and objection of the appellants.

It is, in our opinion, unnecessary to discuss in detail the evidence of forty witnesses as to occurrences covering a period of over twenty years. There are conflicts in the evidence which have been resolved by the commissioner in favor of the appellee and his conclusion has been ratified by the trial court.

Since the decision of *Ingram* v. *Ingram*, 130 Va. 329, 107 S. E. 653, 26 A. L. R. 1175, it has been the familiar rule of this court, "that the report of a commissioner, when the evidence has been taken in his presence, is entitled to great weight, and should not be disturbed unless its conclusions are clearly unsupported by the evidence * * *."

After a careful examination of the evidence, we agree with the conclusion of the commissioner and the trial court, that the preponderating evidence is with the appellee. That evidence, in brief, is as follows:

W. E. Davis was for a period of twenty years an employee of the Virginian Railway Company, as the operator of a coal chute at Seneca, Virginia. During this time he boarded in the home of A. G. Taylor and paid board to Taylor at the rate of fifteen, eighteen and twenty dollars per month. In the year 1929, Davis had the misfortune to break his leg and while confined in a Lynchburg hospital, he suggested to Mr. and Mrs. Taylor that he be returned to the Taylor home. Mr. and Mrs. Taylor advised him that they could not give him the care and attention that he would receive in the hospital. Thereupon, Davis said to Mrs. Taylor, "Berta, if you will take me home and do the best you can for me the rest of my days, at my death I am going to give and will you everything I have if I have anything."

Pursuant to this statement, Davis was returned to the Taylor home where he remained until his death, which occurred August 5, 1941. He died intestate, leaving an estate valued at $9,000. His heirs at law are three sisters, Mrs.

Cora Rorer, Mrs. Laura Bell, Mrs. Minnie Bell and the children of a deceased brother.

It is the contention of appellants that the amount awarded appellee is grossly in excess of the value of the duties performed by her.

The record shows conclusively that during the period from 1929 to 1941 Davis, though ill at times, never once called upon his relatives for assistance, but relied exclusively upon appellee to administer unto him. That appellee did discharge her duty to Davis is also fully shown. Upon his return from the hospital, appellee, single and alone, nursed him for several months until his leg was well. Though Davis was able to continue his work with the railway company, it is shown that he was a constant sufferer from a chronic kidney complaint and frequently required attention at night, which was given by appellee. His main trouble, however, was the result of his intemperate habits. When under the influence of intoxicants, his chief reliance was also upon appellee. It is in evidence that Davis would indulge in intoxicants to the extent that he would "see snakes on his bed;" that he would wander away from home and only return upon solicitation of appellee; that when ill with influenza, it was appellee who nursed him. Though it is true appellee was unable to file an itemized statement of her claim, it does appear that she rendered exceptional services to Davis under trying circumstances.

"It is an easy matter to compensate one who merely furnishes labor to and supplies another with necessities, but it is impossible to measure the gift of affection, the solace of companionship and the tender ministration of a woman when one is sick * * * ." *Couch* v. *Cox*, 165 Va. 55, 60, 181 S. E. 433.

The only claim of appellants to the estate of Davis is one based upon the fact of intestacy.

Appellants further contend that the claim of appellee should be disallowed on the ground that the testimony of appellee is not corroborated, as required by section 6209 of the Code of Virginia. This contention is untenable.

Several witnesses testified that Davis told them that if he had any property left at his death, it would go to appellee. In producing corroborative evidence, as required by section 6209, it is not incumbent upon a litigant to produce evidence which corroborates "in every particular."

Construing this statute in *Cannon* v. *Cannon*, 158 Va. 12, 163 S. E. 405, Mr. Justice Gregory said:

"Section 6209 of the Code does not require the testimony of an adverse witness to be corroborated in every particular. The statute only requires that there should be such corroboration as would confirm and strengthen the testimony of such adverse witness. *Burton's Ex'r* v. *Manson*, 142 Va. 500, 129 S. E. 356." See also *Timberlake* v. *Pugh*, 158 Va. 397, 163 S. E. 402; *Morrison* v. *Morrison*, 174 Va. 58, 4 S. E. (2d) 776.

In arriving at the sum of $3,000 as just compensation for the services rendered by appellee, the commissioner based his finding upon an estimate of five dollars per week for the time employed during the period from 1929 to 1941. This, in our opinion, was not a penny too much.

Upon the whole case, the merits are with the appellee and the decree will be affirmed.

*Affirmed.*