## CIRCUIT COURT OF PAGE COUNTY

In re Estate of
Elva W. Tucker,
Deceased

### February 17, 1994

By Judge Perry W. Sarver

This matter comes before the Court pursuant to the provisions of Code § 26–33, for review of exceptions to the report of Dale W. Houff, Assistant Commissioner of Accounts of this Court (Commissioner), rejecting claims filed on July 4, 1991, by Marjorie Tucker and her husband, Boyce Tucker (Claimants) against the estate of Elva W. Tucker. Elva W. Tucker (Decedent) died on May 4, 1991. The hearing on debts and demands, conducted pursuant to the provisions of Code § 64.1–171, *et seq.*, was held on August 14, 1992, having been continued by agreement of counsel from June 19, 1992.

The Commissioner filed his report on February 16, 1993, and Claimants filed their exceptions on March 1, 1993.

The proceedings before the Commissioner were not recorded so this Court's review is limited to his report, the exhibits filed therewith, the memoranda of counsel filed with the Commissioner prior to the debts and demands hearing, and the memoranda that counsel filed in this Court.

Counsel first inquired if this Court wished to hear any further evidence in this matter. It appears to be in the trial court's discretion as to whether further evidence will be presented to the court for consideration, and if so, such evidence may be heard, either *ore tenus* or by a jury, and such hearing is not a trial *de novo*. *Morris v. United Virginia Bank, Exec.*, 237 Va. 331, 337, 377 S.E.2d 611 (1989).

Claimants' exceptions to the Commissioner's report contained six different grounds. In framing his exceptions, counsel failed to follow the dictates of *Perrow v. Payne*, 203 Va. 17, 23 (1961), which held that while no particular form or formality is required, the exceptant must specify with reasonable certainty the particular grounds of the objec-

tion relied on. More specificity by Claimants would have been helpful to the Court.

Counsel excepted on the grounds that Commissioner:

1. Erred in his conclusion, on page 7, in disallowing the claim of $37,889.00.

2. Misconstrued portions of the evidence as to the express contract for services rendered by Claimants.

3. Erred in concluding, on pages 4 and 5, that the amount of service rendered is quite unclear and uneven.

4. Erred in concluding that it would be extraordinarily difficult to determine an amount due on a *quantum meruit* basis after concluding that they could recover on such basis.

5. Erred in concluding that Decedent felt she had fully compensated Claimants.

6. Erred in concluding that Claimants failed to provide sufficient corroboration.

The foregoing reasons, or grounds, tell the Court little about Claimants' reasons for noting the particular exceptions.

With respect to the fourth exception, a *quantum meruit* theory of recovery, Commissioner did not hold that Claimants were entitled to recover on these grounds. His finding was that if they could prove a contract for services rendered, but not an agreed-upon amount for such services, then there could be a recovery on *quantum meruit*, though proof of the value of such services would be difficult.

The evidence presented in support of their claim was as follows:

1. Calendars for 1988, 1989, 1990, and 1991, presented by Claimants, showing dates on which they allege services were performed.

2. A statement from Robert R. Donlan, Esq., counsel for Claimants, directed to the Commissioner of Accounts of Page County setting forth a total claim of $37,889.00. Cl. Ex. 1.

3. Two letters signed by Decedent. Cl. Ex. 2 and 3.

4. Cancelled checks for the period 1986 to 1990, some of which were payable to Marjorie and Boyce, and in some instances, to either of them individually totaling approximately $3,400. The checks were offered by the Estate. Exec. Ex. 3.

5. A letter to Decedent dated August 11, 1987, from Marjorie. Exec. Ex. 1.

The Supreme Court has stated on numerous occasions that "while the report of a commissioner in chancery does not carry the weight of

a jury's verdict, Code § 8.01–610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence." *Hill v. Hill,* 227 Va. 569, 576–77 (1984); *Morris v. United Virginia Bank, Exec., etc.,* 237 Va. 331, 337 (1989). The commissioner's report came to this Court armed with a presumption of correctness. *Id.* 338. The burden of proof is upon the Claimants.

Code § 8.01–397 provides, in part, that:

> In an action by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony.

As stated by the Supreme Court in *Timberlake's Adm'r v. Pugh,* 158 Va. 397 (1932), when considering the sufficiency of the corroborating evidence:

> [i]t is not possible to formulate any hard and fast rule but must "leave each case to be decided on its own peculiar facts and circumstances." *Burton's Ex'r v. Manson,* 142 Va. 500 (1925); *Davies v. Silvey,* 148 Va. 132, 138 S.E. 513 (1927); *Ratliff v. Jewell,* 153 Va. 315 (1929). Confirmation is not necessary for that removes all doubt, while corroboration only gives more strength than was had before. Crabb's English Synonyms. Circumstances alone are sometimes sufficient. *Rogers v. Rogers,* 89 N.J.Eq. 1, 104 A.2d 32; *id.* at 402.

The Court went on to say in *Pugh* that:

> Clearly, it is not necessary that the corroborative evidence should of itself be sufficient to support a verdict, for then there would be no need for the testimony sought to be corroborated. *Burton's Ex'r. v. Manson, supra; Davies v. Silvey, supra; id.* at 403.

Corroborating evidence is such evidence as tends to confirm and strengthen the testimony of the witness sought to be corroborated — that is, such as tends to show the truth, or the probability of its truth. *Varner v. White,* 149 Va. 177, 185, 140 S.E. 128, 130 (1927); *Burton's Ex'r v. Manson, supra; Davies v. Silvey, supra.* Such evidence need not emanate from other witnesses but may be furnished by surrounding

circumstances adequately established. *Martin v. Martin*, 202 Va. 769, 774, 120 S.E.2d 471, 475 (1961); *Arwood v. Hill's Adm'r*, 135 Va. 235, 242, 117 S.E. 603, 605 (1923); *Leckie v. Lynchburg Trust, etc., Bank*, 191 Va. 360, 370, 60 S.E.2d 923, 928 (1950). Nor is it essential that an adverse or interested party's testimony be corroborated on all material points. *Rorer v. Taylor*, 182 Va. 49, 53, 27 S.E.2d 923, 925 (1943); *Morrison v. Morrison*, 174 Va. 58, 66, 4 S.E.2d 776, 779 (1939); *Brooks v. Worthington*, 206 Va. 352, 143 S.E.2d 841 (1965).

The only persons testifying at the Commissioner's hearing were Marjorie and Boyce. There is no reason to hear the testimony of Marjorie and Boyce in this Court. I am aware of the nature of their testimony. The key issue at this stage of the proceedings is whether Claimants have met the corroboration requirement of Code § 8.01–397. The Court, thus, is required to look to the documentary evidence to make this determination and whether the Commissioner was correct in ruling that there was insufficient corroborative evidence to sustain their claim for compensation keeping in mind that his report comes to this Court armed with the presumption of correctness. *Morris* at 338.

The principal evidence relied upon by Claimants to corroborate their oral testimony is the calendars offered in evidence at the hearing showing dates on which the services were performed.

There appears to be no question but that Boyce and Marjorie spent considerable time with Decedent, and they had a close relationship dating back to at least 1952. Boyce was the nephew of Decedent's husband. Neither Boyce nor Marjorie were blood relatives, although their association appeared to be close. In fact, she made payments to them over the years for their services, jointly and severally, as evidence by the checks. Exec. Ex. 3.

The cases relied upon by Claimants, in support of their position that there is sufficient corroboration, all show corroborative evidence of some type from independent sources. They have a common denominator in that the person incapable of testifying has communicated an intent to bind him or herself to the obligation for which enforcement is sought either verbally or by the execution of a document evidencing such intent.

That is not the case at hand. The letters (Cl. Ex. 2 and 3) are not sufficient. In fact, in the letter of February 15, 1988, Decedent asked both Sara Logan Good (one of the Executors of her Estate) and Mar-

jorie to see that she is cared for. It is more in the nature of an attempt to appoint them as attorneys in fact, although, deficient in that regard and falls far short of creating any obligation to pay for the personal services for which Claimants now seek reimbursement and is not supportive of a contractual obligation. The letter designated Claimants' Ex. 3 is also one directed to "Marjorie" which I assume is Marjorie Boyce, and to "Sara" which I assume is Sara Logan Good and is nothing more than a request to "see I'm looked after" and advising that she had money in four banks and that her will is in a desk in her front room.

Claimants' attempt to corroborate each other with their testimony and with the calendars which are no more than self-serving hearsay evidence. Their oral testimony should be viewed with caution and given little weight because of its self-serving nature, coupled with obvious bias. The calendars are not competent evidence because of their hearsay character. Such declarations are untrustworthy, and their introduction in evidence for consideration by either the Commissioner or the Court would open the door to fraud and perjuries and the manufacturing of evidence. *See* 29 Am. Jur. 2d, *Evidence*, § 621, pp. 674–675.

Without the calendars and the testimony of the witnesses, there is, in my opinion, no corroboration. While Commissioner appeared to give some weight to the calendars, I agree with his finding that the evidence still was insufficient to furnish the corroboration necessary to support their claims.

Claimants' exceptions to the Commissioner's Report are denied.